### THE JAMES L. MORGAN.

### THE NEW BRUNSWICK.

(Circuit Court of Appeals, Second Circuit. June 22, 1915.)

#### Nos. 291, 292.

COLLISION ⚙〰94—OVERTAKING VESSEL—VIOLATION OF RULES—COLLISION WITH THIRD VESSEL.

The steam lighter Morgan, passing down the Hudson river, overtaking and desiring to pass to the starboard side of the ferryboat New Brunswick, gave a one-blast signal, but was answered with two blasts. She persisted, however, and about the same time the New Brunswick changed her course to cross ahead of the Morgan, which then went to starboard and came into collision with the tug Bush, also passing down. *Held,* that both the lighter and ferryboat were in fault for violation of rule 8

⚙〰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the Inland Navigation Rules (Act June 7, 1897, c. 4, § 1, art. 18, 30 Stat. 100 [Comp. St. 1913, § 7892]), which provides that "under no circumstances shall the vessel astern attempt to pass the vessel ahead until * * * said vessel ahead shall signify her willingness by blowing the proper signals," and that "the vessel ahead shall in no case attempt to cross the bow or crowd upon the course of the passing vessel."

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 197–199; Dec. Dig. ☞94.

Overtaking vessels, see note to The Rebecca, 60 C. C. A. 254.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit for collision by the Bush Terminal Company, owner of the steam tug Eleanor Bush, against the steam lighter James L. Morgan, General Lighterage Company, claimant, and the ferryboat New Brunswick, Pennsylvania Railroad Company, claimant, impleaded. Decree against the New Brunswick alone, and her claimant appeals. Modified.

For opinion below, see 212 Fed. 970.

Burlingham, Montgomery & Beecher, of New York City (Charles C. Burlingham and Chauncey I. Clark, both of New York City, of counsel), for appellant.

Carpenter & Park, of New York City (Samuel Park, of New York City, of counsel), for The James L. Morgan.

Harrington, Bigham & Englar, of New York City (T. Catesby Jones, of New York City, of counsel), for appellee Bush Terminal Co.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. May 6, 1912, the steam lighter James L. Morgan was bound down the Hudson river with the steam tug Eleanor Bush, also bound down ahead on her starboard hand, and the ferryboat New Brunswick, also bound down on her port hand, and ahead of all a tow of sand scows on a hawser bound down.

Certain facts are conceded:

First, an exchange of whistles between the Morgan and the New Brunswick, the former blowing one and the latter two. Each vessel claims to have blown first, the Morgan also alleging that the signal was exchanged twice. These differences are immaterial, the important consideration being that the Morgan and the New Brunswick differed as to the course of navigation to be followed.

Second, that shortly after this exchange of signals the New Brunswick blew an alarm and stopped, and that the Morgan sheered eight to ten points to starboard into the port side of the Bush.

The owners of the Bush filed a libel to recover their damages against the Morgan whose owners brought in the New Brunswick under the fifty-ninth rule in admiralty.

The District Judge treated the case as falling under the starboard hand article 19 of the Inland Regulations of 1897 (Act June 7, 1897, c. 1, § 1, art. 19, 30 Stat. 101 [Comp. St. 1913, § 7893]), the New Brunswick being the burdened and the Morgan the privileged vessel. He accordingly directed a decree for the libelant against the Pennsylvania

Railroad Company, claimant of the New Brunswick, the libelant to pay costs to the claimant of the Morgan.

We are satisfied that the three vessels were proceeding down the river on substantially parallel courses, and that the Morgan, the faster vessel, was overtaking the other two. The danger signal of the New Brunswick followed by the sudden sheer of the Morgan is not so consistent with the steady maintenance of crossing courses as it is with a change of the New Brunswick from a parallel to a crossing course and the insistence of the Morgan to pass on the starboard side of the New Brunswick against her protest.

The overtaking rule (article 18, rule 8) of the Inland Regulations of 1897 is:

"Rule 8. When steam vessels are running in the same direction, and the vessel which is astern shall desire to pass on the right or starboard hand of the vessel ahead, she shall give one short blast of the steam whistle, as a signal of such desire, and if the vessel ahead answers with one blast, she shall put her helm to port; or if she shall desire to pass on the left or port side of the vessel ahead, she shall give two short blasts of the steam whistle as a signal of such desire, and if the vessel ahead answers with two blasts, shall put her helm to starboard; or if the vesel ahead does not think it safe for the vessel astern to attempt to pass at that point, she shall immediately signify the same by giving several short and rapid blasts of the steam whistle, not less than four, and under no circumstances shall the vessel astern attempt to pass the vessel ahead until such time as they have reached a point where it can be safely done, when said vessel ahead shall signify her willingness by blowing the proper signals. The vessel ahead shall in no case attempt to cross the bow or crowd upon the course of the passing vessel."

Both vessels were at fault under this rule; the Morgan for persisting in passing on the starboard side of the New Brunswick without her consent and against her protest, and the New Brunswick for changing her course. The decree is modified, and the court below directed to enter the usual decree for half damages in favor of the libelant against the steam lighter James L. Morgan and the ferryboat New Brunswick, with costs of this court to the claimant of the New Brunswick.